IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LORETTA UTHELL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Civil No.  **05-4034-JLF** |
| ) | |
| **MID-ILLINOIS CONCRETE, INC., et al.,** ) | |
| ) | |
| Defendants. ) | |

### ORDER

**PROUD, Magistrate Judge:**

Plaintiff Uthell was ordered to show cause for why she failed to comply with the Court's August 10, 2005, directive to clarify whether she continued to demand a jury trial.  **(Doc. 27).** Plaintiff's counsel has now explained that the August 10th directive was not honored due to an oversight, and new procedures have been instituted in counsel's office to ensure that such an oversight does not happen again.  Therefore, no sanction will be assessed.

Plaintiff Uthell's original complaint contained a jury demand; her first amended complaint does not contain a jury demand.[1]  Federal Rule of Civil Procedure 38(d) provides that a jury demand may not be withdrawn without the consent of the parties.  Plaintiff now informs the Court that she purposefully dropped her jury demand.  Plaintiff does not indicate whether plaintiff has consulted with defense counsel regarding whether the parties can agree to a non-jury trial.  A review of the defendants' answers reveals nothing pertinent to the jury issue.  Therefore, plaintiff's jury demand stands at this juncture.

---

[1]The Court offers no comment at this juncture on the propriety of the original jury demand.  However, the Court again encourages all parties to familiarize themselves with the Federal Rules of Civil Procedure and Local Rules.

**IT IS THEREFORE ORDERED** that, on or before **November 1, 2005,** defendants shall file written notice(s) or motion(s), depending on their position(s), regarding whether they consent to withdrawal of the jury demand.

**IT IS SO ORDERED.**

**DATED: October 19, 2005**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**
